IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No:  BK 11- |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT NO. 513 OF DOUGLAS | ) | DISCLOSURE STATEMENT |
| COUNTY, NEBRASKA | ) | |
| | ) | |
| | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

INTRODUCTION

Sanitary and Improvement District No. 513 of Douglas County, Nebraska ("SID #513"), pursuant to 11 U.S.C. § 901 et seq. and 1125, provides this disclosure statement to all parties in interest in this case for the purpose of providing them information which SID #513 considers adequate to enable such parties in interest, according to their claims in interest, to make an informed judgment about SID #513's proposed Plan of Adjustment ("Plan") and on the basis thereof to exercise the voting rights provided them under the Plan and applicable provisions of Chapter 9 of the Bankruptcy Code.

THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT OF SID #513 CONSTITUTE THE STATEMENTS AND REPRESENTATIONS OF SID #513.   NO WARRANTY IS INTENDED OR IMPLIED AS TO ACCURACY OR ADEQUACY OF DATA PRESENTED OR OPINIONS EXPRESSED, NOR MAY A CREDITOR OR OTHER PERSON CONSTRUE THAT ANY DATA PROVIDED BY OR RECOMMENDATION MADE BY SID #513'S COUNSEL, FULLENKAMP, DOYLE & JOBEUN; SID #513'S FISCAL AGENT, KUEHL CAPITAL CORPORATION; SID #513'S BOND COUNSEL, BAIRD HOLM LLP; SID #513'S AUDITOR, LENGEMANN & ASSOCIATES, P.C.; IS WARRANTED AS TO THE ACCURACY AND ADEQUACY OF THE CONTENTS OF THE TEXT OF THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.   NO DEALER, BROKER, SALESMAN, OR OTHER PERSON HAS BEEN AUTHORIZED BY SID #513 TO GIVE ANY INFORMATION OR MAKE ANY REPRESENTATION OTHER THAN IS SET OUT BY SID #513 IN THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.

1

NO REPRESENTATIONS CONCERNING SID #513 OR THIS PLAN, PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS OR VALUES OF ITS PROPERTIES, ARE AUTHORIZED BY SID #513 EXCEPT AS SET FORTH IN THIS DISCLOSURE STATEMENT.  YOU SHOULD RELY ON NO REPRESENTATIONS OR INDUCEMENTS OFFERED TO SECURE YOUR ACCEPTANCE OTHER THAT THOSE CONTAINED IN THIS DISCLOSURE STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS NOT CONTAINED HEREIN SHOULD BE REPORTED TO THE UNDERSIGNED ATTORNEY FOR SID #513, WHO IN TURN SHALL REPORT SUCH INFORMATION TO THE COURT FOR SUCH ACTION AS IT MAY DEEM APPROPRIATE.

THE INFORMATION SET OUT IN THIS DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT HAS BEEN COMPILED ON BEHALF OF SID #513 FROM SOURCES BELIEVED TO BE RELIABLE.  THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT.  COUNSEL FOR SID #513 HAS NOT VERIFIED THE INFORMATION SET FORTH HEREIN BUT HAS NO ACTUAL KNOWLEDGE OF ANY INACCURACIES.  THE RECORD KEPT BY SID #513 MAY NOT HAVE ALWAYS BEEN COMPLETE AND THE ACCURACY OF INFORMATION IN THIS DISCLOSURE STATEMENT IS DEPENDANT UPON THE RELIABILITY OF SID #513'S RECORDS. FOR THE FOREGOING REASONS, AS WELL AS BECAUSE OF THE COMPLEXITY OF SID #513'S FINANCIAL MATTERS, SID #513 IS UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE, AND THE INFORMATION IS NOT TO BE CONSTRUED AS A REPRESENTATION BY COUNSEL, FISCAL AGENT, UNDERWRITER, AUDITOR OR ACCOUNTANT.

THE INFORMATION AND EXPRESSIONS OF OPINION ARE MADE SUBJECT TO CHANGE AND NEITHER THE DELIVERY OF SAID DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT, NOR THE ACCEPTANCE OF THE PLAN BY THE COURT, NOR THE EXCHANGE OF SECURITIES, IF ANY, MADE BY CREDITORS OR HOLDERS OF SECURITIES OF SID #513, SHALL CREATE ANY IMPLICATION THAT THERE HAS

2

BEEN NO CHANGE IN THE INFORMATION OR OPINION SET FORTH IN SAID DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.

ANY PROPOSED PLAN OF EXCHANGE OF SECURITIES AND ANY PROJECTIONS MADE CONCERNING THE PROBABLY OR POSSIBLE RECOVERY OF THE VALUE OF ANY INVESTMENT MADE IN ANY SERIES OR ANY TYPE OF SECURITY OR DEBT INSTRUMENT OF THE DISTRICT IS CONTINGENT UPON A VARIETY OF CIRCUMSTANCES AND CONDITIONS AND THE HOLDER OF ANY CLASS OF SECURITY OR DEBT OF SID #513 ACCEPTS AND ASSUMES ALL RISK AS TO THE ABILITY OF SID #513 TO MEET ITS OBLIGATIONS UNDER ANY PLAN OF ADJUSTMENT ULTIMATELY CONFIRMED BY THE BANKRUPTCY COURT. FURTHER, NO ASSURANCES ARE GIVEN OR IMPLIED THAT THE PLAN AS INITIALLY PROPOSED OR SUCH PLAN AS MIGHT FINALLY BE CONFIRMED BY THE BANKRUPTCY REPRESENTS THE BEST PLAN OR THAT OTHER ALTERNATIVES MAY OR MAY NOT EXIST WHICH MIGHT RESULT IN A GREATER OR LESSER RECOVERY OF ASSETS BY ANY CREITOR OR HOLDER OF SECURITIES OF SID #513.

**BACKGROUND**

SID #513 is a sanitary and improvement district formed pursuant to the Statutes of the State of Nebraska. Neb. Rev. St. § 31-727 et seq. A sanitary and improvement district is a body corporate and politic of the State of Nebraska, much like a small city or village, except that it does not have the police powers one normally associates with those entities and, in fact, is specifically limited to certain functions. The primary function of a sanitary and improvement district is to install and maintain public improvements, i.e. streets, sewers, recreational facilities, water lines, electrical and gas mains, and other public improvements associated with residential and commercial subdivisions.

SID #513 was formed on October 5, 2004 to develop a residential subdivision in Douglas County to be known as "Arbor Ridge II". SID #513 paid for the cost of the public improvements in the Arbor Ridge II subdivision, such as streets, sewers, water lines, electrical and gas mains, and storm and sanitary sewers by issuing capital outlay warrants (hereinafter referred to as "warrants") which were subsequently sold to investors.

An SID levies annual real estate taxes to pay its annual operating expenses and to help

pay for the cost of public improvements.  The portion of the annual real estate taxes used to pay an SID's annual operating expenses are paid to its general fund and the portion of the annual real estate taxes used to help pay the cost of the SID's public improvements are paid to its bond fund. An SID also levies special assessments against the real property benefitted for the cost of the installation of the public improvements in an amount and to the extent of special benefit to the property.  The collected special assessments and proceeds from bond issues of the SID are also deposited in the bond fund.  The cash in the bond fund is used to create a sinking fund to retire the bonds and redeem the SID's outstanding warrants.

Arbor Ridge II subdivision as platted contains 148 total lots. The subdivision contains 145 single family lots, 1 park lot and 2 outlots.  A map of the entire area platted is attached hereto as Exhibit "1" and is incorporated herein by this reference. The Arbor Ridge II subdivision is owned and developed by Gottsch Land Co., a Nebraska corporation.

## PRESENT DEBT, TAX BASE AND OTHER INFORMATION ABOUT SID #513

The information contained herein is collected from the Financial Statement and Independent Auditors' Reports for the fiscal year ended June 30, 2010, which is the most recent audit of SID #513's financial records.  SID #513 had outstanding liabilities as of June 30, 2010 of $5,084,640 of which $4,753,257 is outstanding construction/bond fund warrants; $71,375 is outstanding general fund warrants; $253,561 is accrued interest; and $6,447 is accounts payable. As of June 30, 2010, SID #513 had cash and investments with accrued interest thereon, taxes receivable and prepaid expenses of $1,322,678. The special assessments for the single-family lots have all been paid. The 2010 actual value for tax purposes of all property in SID #513 (also called "Tax Base") is $7,602,160.  The District has cash and investments together with accrued interest of $1,293,439 in its bond fund, which is approximately 27% of the District's total construction/bond fund debt as of June 30, 2010. Arbor Ridge II has 23 single-family homes constructed as of November 30, 2009.  If all 145 single-family lots are constructed with an average valuation of $225,000 per lot, the total tax base would be approximately $32,625,000.

## PROBLEMS IN PAYING WARRANTS IN FULL

The problem in Arbor Ridge II is the size of its indebtedness, lack of cash and cash equivalents and insufficient tax base.  The current valuation is insufficient to meet the construction/bond warrants interest on the general obligation debt.  Turn now to the Statement of

Net Assets and Governmental Funds Balance Sheet of the Audit Report attached hereto as Exhibit "2".   As of June 30, 2010, the cash, investments, taxes receivable, and special assessments together with any accrued interest were $1,322,678.  The total construction/bond fund liabilities were $4,753,257.  The net deficit or general obligation would be $3,430,579.  At 7.35% (interest accruing plus fiscal fees) compounded annually, the figure in two years would total $3,953,406.   To bond off such an amount on a 20 year bond issue at 5.5% per annum would, with normal bond fees and expenses, require an issue of at least $4,000,000 which would require an annual debt service of approximately $330,000. Assume at a full valuation of $32,625,000 at a bond fund tax levy of $0.65 the District would collect $212,062.50 less the County Treasurer's 2% fee a total of $207,821, which would leave a deficit of $122,179 annually.   To fund the debt service the bond fund tax levy of the District would have to be $1.03/$100.   In addition the District requires approximately $50,000 per year for general operating expenditures.   To fund the general fund the tax levy for the general fund would be $0.25/$100.  The total tax levy under this scenario would total $1.28.  The average combined levy of the fifty highest districts in Douglas County is $0.9366. The bond fund levy required to support the general obligation debt together with a reasonable general fund levy would have to be 38% higher than the average of the fifty highest districts in the County. A tax rate that is excessively high and substantially above current average tax rates would keep away buyers and impair the ability of the District to reach full valuation within a reasonable period of time.   In addition Nebraska Revised Statute section 31-755 clearly states that a sanitary and improvement district need not levy an ad valorem real estate tax to fund the retirement of warrants which is unreasonably high when compared with other comparable property within the county.

**THE PLAN**

The Plan provides that in exchange for all of the warrants, the warrant holders would receive within 90 days of Plan confirmation by the Bankruptcy Court on a pro-rata basis the following:

(a)      The collection of any and all special assessments levied by SID #513 against properties located within its corporate boundaries together with any miscellaneous revenues, which by law, custom or usage are deposited in a sanitary and improvement district construction/bond funds, except those

5

reimbursables assigned pursuant to paragraph 6 herein.

(b)      Any ad valorem real estate taxes collected from a construction/bond fund levy of $0.65 for taxes that become delinquent in 2011 and annually thereafter. In no event shall the construction/bond fund levy together with a general fund levy of $0.25 exceed by more than ten (10%) percent the average total tax levy of the fifty highest tax levies of sanitary and improvement districts located in Douglas County, Nebraska. Under no circumstances during the execution of this Plan shall the construction bond/bond fund levy be lower than $0.65.

(c)      The net proceeds from the issuance by SID #513 of bonds, which shall be mandatorily issued and sold by SID #513 at such times and in an amount which can be issued and sold on a level payment basis over a period of twenty (20) years, reserving a bond sinking fund equal to one-year's principal and interest requirement and amortized using the proceeds of an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID #513's tax base is sufficient to fund such bonds on a year to year basis. Such bonds shall only be issued at the earlier time of when: a) the proceeds of such bonds is sufficient to retire all the outstanding principal and clawback interest on the Certificates of Indebtedness; b) at such time as SID #513 reaches full valuation which is defined as a taxable valuation by the Douglas County Assessor of $32,625,000.00.  In the event bonds can not be issued to retire all the principal and any clawback interest outstanding on the Certificates of Indebtedness, bonds shall be issued on or before December 31, 2027 for the maximum amount which can be issued on a level payment basis over a period of twenty (20) years, reserving a bond sinking fund equal to one-year's principal and interest requirement, the amortized proceeds of which together with an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID # 513's tax base to pay the principal and interest on such bonds on a year to year basis.

6

The Plan also provides for the cancellation of the warrants held by Gottsch Enterprises, LLC in exchange for the grant of certain reimbursables due to SID #513. Those reimbursables and the District engineers estimate of value are as follows:

First, the District's outfall sewer. This outfall sewer had an original cost of $228,390.72. The District's engineer has determined that $6,888.92 of that amount or about 3% is attributable to Arbor Ridge, for a net reimbursable of $221,501.80. The outfall serves a drainage basin of approximately 2,106 acres shown as basins WP-14 and 15 on the Papillion Creek Watershed Proposed Management Plan D;

Second, SID#513 made certain improvements to 204th Street an exterior road that will also serve an area adjacent on the east. If and when that area develops it will be expected to reimburse SID#513 for its pro-rata share of the costs. The District's engineers have estimated that amount as $287,121.56 of which $190,115.49 was attributable to SID#513 leaving a reimbursable balance of $97,006.07. The balance should be paid when the east connection is made to the 204th and Ames intersection.

Gottsch Enterprises, LLC ("Gottsch") has agreed to cancel warrants it holds in the amount of $318,507.87 in exchange for the reimbursables and thus taking on the risk of collection. The cancellation of those warrants will result in an increase in the pro-rata share of each of the remaining warrants and thus result in a higher initial as well as future payout(s) to the warrant holders. The reimbursables described above are speculative and dependent upon future development in the area. The prospect of repayment of these reimbursables in the near future is very low. The current state of the economy coupled with a current oversupply of single-family lots in the Omaha area means the probability of the adjacent property developing in the near future is low.

The Plan also provides for disbursement of $180,000 directly to the general fund of the District from the Bond fund. Currently the general fund of SID #513 has a deficit of approximately $81,000 that accrues interest at a rate of 7%. SID #513 has an obligation to maintain its infrastructure and to keep streetlights on and functioning and pay for its usual and customary operating expenses. It is imperative that the District is kept up in a manner similar to other District's in Douglas County. If the condition of the streets were left to deteriorate and

7

things such as street lights were shut off, the obvious effect would be an inability of the developer to market and sell the lots, and ultimately would greatly impair the ability of the District to repay its creditors.

## CONFLICT

THE LAW FIRM OF FULLENKAMP, DOYLE & JOBEUN REPRESENTS ON A REGULAR BASIS GOTTSCH LAND CO., GOTTSCH ENTERPRISES, LLC AND OTHER RELATED PARTIES ON LAND DEVELOPMENT, AND MEMBERS OF GOTTSCH LAND CO. AND GOTTSCH ENTERPRISES, LLC ARE ALSO MEMBERS OF THE BOARD OF TRUSTEES OF SID #513. GOTTSCH LAND CO., GOTTSCH ENTERPRISES, LLC AND THEIR RELATED PARTIES AND SID #513 HAVE BEEN APPRISED OF THE CONFLICT AND HAVE CONSENTED TO OUR RETENTION AS COUNSEL TO SID #513 FOR FORMULATING THIS PLAN OF ADJUSTMENT. THE CALCULATIONS OF REIMBUSEABLE AMOUNTS WERE DONE BY BRIAN K. HINDLEY ("HINDLEY"), A REGISTERED PROFESSIONAL ENGINEER. HINDLEY AT THE TIME WAS EMPLOYED BY UNITED ENGINEERING WHICH IS OWNED BY BARRY GOTTSCH. BARRY GOTTSCH IS THE BROTHER OF THE PRINCIPAL OWNER OR GOTTSCH LAND CO. AND GOTTSCH ENTERPRISES, LLC. BARRY GOTTSCH DOES NOT OWN ANY OF SID #513 WARRANTS NOR DOES HE HAVE ANY OWNERSHIP INTEREST IN GOTTSCH LAND CO. OR GOTTSCH ENERPRISES, LLC. EACH OF YOU SHOULD REVIEW THE AUDITOR'S REPORT VERY CAREFULLY WITH A VIEW TOWARDS WHETHER OR NOT THIS PLAN IS IN YOUR BEST INTEREST.

## BALLOT

The ballot, which is included in this package, allows you to vote for the Plan prior to the filing of the petition in bankruptcy. The United States Bankruptcy Court will probably confirm the Plan in the event that 50% of the warrant holders holding two-thirds of the debt vote to approve the Plan. The United States Bankruptcy Code allows for the District to solicit a vote on this plan prior to filing for protection under Chapter 9 of the Bankruptcy Code. SID #513 has solicited your vote prior to filing for the reason that, if SID #513 can obtain the approval of more than half of the total number of warrant holders holding more than two-thirds of the debt prior to filing then, and in that event, the time frame for receiving Court confirmation of the Plan is

substantially reduced.  The District is hopeful that if it can obtain reasonably early confirmation, the existing area will be stabilized and will spur further building and development of tax base.  In order for your vote to count, your ballot must be returned to Fullenkamp, Doyle & Jobeun on or before September 20, 2011.

If less than the required number of approval votes is received by that date, SID #513 will file the Plan and Disclosure Statement with the Court.  You would then be entitled to recast your vote or vote for the first time if you didn't previously vote prior to the time set by the court.

Dated this 29th day of July, 2011

By: /s/Brian C. Doyle
Brian C. Doyle (#23001)
Fullenkamp, Doyle & Jobeun
11440 West Center Road
Omaha, Nebraska 68144
(402) 334-0700
Fax: (402)-334-0815
brian@fdjlaw.com
Attorney for Debtor

EXHIBIT 1



ARBOR RIDGE 2ND ADDITION

FINAL PLAT

ARBOR RIDGE 2ND ADDITION
ELKHORN, NEBRASKA

E&A CONSULTING GROUP, INC.
ENGINEERS • PLANNERS • SURVEYORS

# EXHIBIT "2"

**SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA**

**FINANCIAL STATEMENTS
AND INDEPENDENT AUDITORS' REPORTS**

**YEAR ENDED JUNE 30, 2010**

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA

TABLE OF CONTENTS
JUNE 30, 2010

Page

INDEPENDENT AUDITORS' REPORT ........................................................................................... 1-2

**FINANCIAL STATEMENTS**

Statement of Net Assets and Governmental Funds Balance Sheet ................................ 3
Statement of Activities ........................................................................................................ 4
Statement of Revenues, Expenditures, and Changes
    in Fund Balances - Governmental Funds ..................................................................... 5
Reconciliation of the Statement of Revenues, Expenditures, and Changes
    in Fund Balances of Governmental Funds to the Statement of Activities ............ 6
Notes to Financial Statements ........................................................................................ 7-13

**SUPPLEMENTARY SCHEDULES**

Statement of Revenues, Expenditures, and Changes
    in Fund Balances - Budget and Actual - General Fund .......................................... 14
Statement of Revenues, Expenditures, and Changes
    in Fund Balances - Budget and Actual - Debt Service Fund ................................. 15
Schedule 3 - Information Required by Section 31-740,
    Revised Statutes of Nebraska .................................................................................... 16
Schedule 4 - Trustees and Related Bonds ...................................................................... 17

REPORT ON COMPLIANCE AND OTHER MATTERS AND ON INTERNAL CONTROL
    OVER FINANCIAL REPORTING BASED ON AN AUDIT OF FINANCIAL STATEMENTS
    PERFORMED IN ACCORDANCE WITH GOVERNMENT AUDITING STANDARDS .............. 18-19

**LENGEMANN & ASSOCIATES, P.C.**

Certified Public Accountants
1410 Gold Coast Road, Suite 600
Papillion, Nebraska  68046
(402) 592-1236
E-Mail: thefirm@lengemanncpa.com

INDEPENDENT AUDITORS' REPORT

Board of Trustees
Sanitary and Improvement District
    No. 513 of Douglas County, Nebraska:

We have audited the accompanying financial statements of the governmental activities of the District as of and for the year ended June 30, 2010, which collectively comprise the District's basic financial statements as listed in the table of contents. These financial statements are the responsibility of the District's management. Our responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in Government Auditing Standards, issued by the Comptroller General of the United States. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall general purpose financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of the governmental activities of Sanitary and Improvement District No. 513 of Douglas County, Nebraska as of June 30, 2010, and the changes in financial position thereof for the year then ended in conformity with accounting principles generally accepted in the United States of America.

The accompanying financial statements have been prepared assuming that Sanitary and Improvement District No. 513, Douglas County, Nebraska will continue as a going concern. As discussed in note 4 to the financial statements the District's future cash flow will not be sufficient to pay its principal and interest obligations. These conditions raise substantial doubt about its ability to continue as a going concern. The financial statements do not include any adjustments that might result from the outcome of this uncertainty.

In accordance with <u>Government Auditing Standards</u>, we have also issued a report dated December 6, 2010 on our consideration of Sanitary and Improvement District No. 513 of Douglas County's internal control over financial reporting and our tests of its compliance with laws and regulations. That report is an integral part of an audit performed in accordance with <u>Government Auditing Standards</u> and should be read in conjunction with this report in considering the results of our audit.

Our audit was conducted for the purpose of forming an opinion on the financial statements that collectively comprise the District's basic financial statements. The supplementary information included in the supplementary schedules is presented for purposes of additional analysis and is not a required part of the basic financial statements of the District. Such information has been subjected to the audit procedures applied in the audit of the basic financial statements, and in our opinion, is fairly stated in all material respects in relation to the basic financial statements taken as a whole.

The District has not presented management's discussion and analysis that accounting principles generally accepted in the United States of America has determined is necessary to supplement, although not required to be part of, the basic financial statements.

LENGEMANN & ASSOCIATES, P.C.

*George Bayer*

December 6, 2010

SANITARY AND IMPROVEMENT DISTRICT

NO. 513 OF DOUGLAS COUNTY, NEBRASKA

STATEMENT OF NET ASSETS AND GOVERNMENTAL FUNDS BALANCE SHEET

JUNE 30, 2010

|  | General Fund | Debt Service Fund | Total | Reconciling Items | Statement of Net Assets |
|---|---|---|---|---|---|
| **ASSETS** |  |  |  |  |  |
| Cash - County Treasurer | $ 7,389 | $ 26,526 | $ 33,915 | $ - | $ 33,915 |
| Investments | - | 1,259,265 | 1,259,265 | - | 1,259,265 |
| Taxes receivable | 29,238 | - | 29,238 | - | 29,238 |
| Investment interest receivable | - | 260 | 260 | - | 260 |
| Capital assets, net of accum. depr. | - | - | - | 3,059,977 | 3,059,977 |
| TOTAL ASSETS | $ 36,627 | $ 1,286,051 | $ 1,322,678 | $ 3,059,977 | $ 4,382,655 |
| **LIABILITIES** |  |  |  |  |  |
| Accounts payable | $ 6,447 | $ - | $ 6,447 | $ - | $ 6,447 |
| Accrued interest | - | - | - | 253,561 | 253,561 |
| Warrants outstanding |  |  |  |  |  |
| Due within one year | - | - | - | 3,455,801 | 3,455,801 |
| Due after one year | - | - | - | 1,368,831 | 1,368,831 |
| TOTAL LIABILITIES | 6,447 | - | 6,447 | 5,078,193 | 5,084,640 |
| **FUND BALANCE/NET ASSETS** |  |  |  |  |  |
| Fund Balances- |  |  |  |  |  |
| Unreserved | 30,180 | - | 30,180 | (30,180) | - |
| Reserved for debt service | - | 1,286,051 | 1,286,051 | (1,286,051) | - |
| Total Fund Balances | 30,180 | 1,286,051 | 1,316,231 | (1,316,231) | - |
| Total Liab. and Fund Balance | $ 36,627 | $ 1,286,051 | $ 1,322,678 |  |  |
| Invested in capital assets, net of related debt |  |  |  | (2,018,216) | (2,018,216) |
| Restricted for debt service |  |  |  | 1,286,051 | 1,286,051 |
| Unrestricted |  |  |  | 30,180 | 30,180 |
| Total Net Assets |  |  |  | (701,985) | (701,985) |
| TOTAL LIABILITIES AND NET ASSETS |  |  |  | $ 3,059,977 | $ 4,382,655 |

See accompanying notes to financial statements

3

SANITARY AND IMPROVEMENT DISTRICT

NO. 513 OF DOUGLAS COUNTY, NEBRASKA

GOVERNMENT-WIDE STATEMENT OF ACTIVITIES

FOR THE YEAR ENDED JUNE 30, 2010

| Program activities | Expenses | | Program Revenues | | Net (Expenses) Revenue and Changes In Net Assets Governmental Activities |
|---|---|---|---|---|---|
| Governmental activities: | | | | | |
| General | $ | 44,794 | $ | - | $ (44,794) |
| Debt service | | 196 | | - | (196) |
| Depreciation | | 112,344 | | - | (112,344) |
| Interest on long-term debt | | 332,936 | | - | (332,936) |
| Total governmental | $ | 490,270 | $ | - | (490,270) |

|  | |
|---|---|
| General revenues: | |
| Property taxes, net of (over)/under estimate | 63,823 |
| Interest on taxes | 63 |
| Interest on investments | 1,453 |
| Miscellaneous | 3,296 |
| Total general revenues | 68,635 |
| Change in net assets | (421,635) |
| Net assets (deficit) at beginning of year | (280,350) |
| Net assets (deficit) at end of year | $ (701,985) |

See accompanying notes to financial statements

4

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA
STATEMENT OF REVENUES, EXPENDITURES, AND CHANGES IN FUND BALANCES
GOVERNMENTAL FUNDS
FOR THE YEAR ENDED JUNE 30, 2010

| | GENERAL | DEBT SERVICE | TOTAL GOVERNMENTAL FUNDS |
|---|---|---|---|
| **REVENUES** | | | |
| Property taxes | $ 63,822 | $ - | $ 63,822 |
| Underestimate of taxes | 1 | - | 1 |
| Interest on taxes | 63 | - | 63 |
| Interest on investments | - | 1,453 | 1,453 |
| State motor vehicle tax allocation | 146 | - | 146 |
| Sewer connection fees | - | 3,150 | 3,150 |
| Total revenues | 64,032 | 4,603 | 68,635 |
| | | | |
| **EXPENDITURES** | | | |
| Current: | | | |
| Collection fee - County Treasurer | 1,197 | - | 1,197 |
| Electricity | 15,517 | - | 15,517 |
| Engineering | 5,351 | - | 5,351 |
| Insurance | 4,131 | - | 4,131 |
| Interest on warrants | 7,291 | 310,961 | 318,252 |
| Legal and accounting fees | 9,370 | - | 9,370 |
| Miscellaneous | 334 | 193 | 527 |
| Paying agent fees | 1,977 | - | 1,977 |
| Repairs and maintenance | 6,919 | - | 6,919 |
| Total expenditures | 52,087 | 311,154 | 363,241 |
| | | | |
| Excess (deficiency) of revenues over expenditures | 11,945 | (306,551) | (294,606) |
| | | | |
| **OTHER FINANCING SOURCES (USES)** | | | |
| Issuance of warrants | 41,508 | 310,961 | 352,469 |
| Warrants retired | (51,055) | - | (51,055) |
| Total other financing sources (uses) | (9,547) | 310,961 | 301,414 |
| | | | |
| Excess of revenues and other financing sources over expenditures and other financing uses | 2,398 | 4,410 | 6,808 |
| | | | |
| Fund balance - beginning of year | 27,782 | 1,281,641 | 1,309,423 |
| Fund balance - end of year | $ 30,180 | $ 1,286,051 | $ 1,316,231 |

See accompanying notes to financial statements

5

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA
RECONCILIATION OF THE STATEMENT OF REVENUES, EXPENDITURES AND CHANGES IN FUND BALANCES
OF GOVERNMENTAL FUNDS TO THE STATEMENT OF ACTIVITIES
FOR THE YEAR ENDED JUNE 30, 2010

| | |
|---|---:|
| TOTAL NET CHANGE IN FUND BALANCES - GOVERNMENTAL FUNDS | $    6,808 |

Amounts reported for governmental activities in the statement of activities are different because:

| | |
|---|---:|
| Governmental funds report capital outlays as expenditures, but they are shown as increases in capital assets in the government-wide financial statements | - |
| Depreciation is not recognized as an expense in governmental funds since it does not require the use of current financial resources. The effect of the current year's depreciation is to decrease net assets | (112,344) |
| Special assessment revenue is deferred in the fund financial statements until it is considered available to finance current expenditures, but such revenues are recognized when assessed in the statement of activities | - |
| In the statement of activities, interest is accrued on special assessments, whereas in the governmental funds, interest is reported as revenue when received | - |
| Current year long-term debt principal payments are reported as expenditures or other financing uses in the governmental funds, but shown as a reduction in long-term debt in the statement of net assets | - |
| Net warrants issued/redeemed are reported as other financing sources/uses in the governmental funds, but as increase/decrease in long-term debt in the government-wide financial statements | (301,414) |
| New bond issues are reported as other financing sources in the governmental funds, but as increase in long-term debt in the government-wide financial statements | - |
| In the statement of activities, bond issue costs are recorded as expenses, whereas in the governmental funds, bond issue costs are amortized over the life of the debt | - |
| In the statement of activities, interest is accrued on long-term debt, whereas in governmental funds, interest is reported when paid | (14,684) |
| Some expenses reported in the statement of activities do not require the use of current financial resources, and therefore are not reported as expenditures in the governmental funds | (1) |
| CHANGE IN NET ASSETS OF GOVERNMENTAL ACTIVITIES | $  (421,635) |

See accompanying notes to financial statements

6

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA

NOTES TO FINANCIAL STATEMENTS

FOR THE YEAR ENDED JUNE 30, 2010

1.  **SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES**

  A.  *Reporting Entity*

  The District is a governmental subdivision created July 06, 2005 with
  the filing of the Petition and Articles of Association with the
  Secretary of State, State of Nebraska.  The District was formed for the
  purpose of infrastructure construction and to arrange for basic
  services.

  The Board of Trustees, consisting of 5 members, has governance
  responsibilities over all activities related to streets, utility
  systems, and other public improvements within the jurisdiction of the
  District.  The accompanying financial statements present the District's
  primary government unit and do not include any component units because
  the District does not exercise financial accountability over any
  separate units.  Financial accountability is based primarily on
  operational or financial relationships with the District.

  B.  *Government-wide and Fund Financial Statements*

  The basic financial statements include both government-wide and fund
  financial statements.  The government-wide financial statements include
  the statement of net assets and the statement of activities, which
  report financial information for all nonfiduciary activities of the
  District.  Individual funds are not displayed and internal activity
  between or within funds are eliminated.  Governmental activities
  include programs supported primarily by taxes and other
  intergovernmental revenue.  The District has no business type
  activities that rely, to a significant extent, on fees and charges for
  support.

  The statement of activities demonstrates the degree to which the direct
  expenses of a given function are offset by program revenues.  Direct
  expenses are those that are clearly identifiable with a specific
  function.  Program revenues include 1) charges to customers or
  applicants who purchase, use or directly benefit from goods, services,
  or privileges provided by a given function and 2) grants and
  contributions that are restricted to meeting operational or capital
  requirements of a particular function.  Taxes and other items not
  properly included among program revenues are reported instead as
  general revenues.

7

NOTES TO THE FINANCIAL STATEMENTS - CONTINUED

1. SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

Separate financial statements are provided for governmental funds. Major individual governmental funds are reported as separate columns in the fund financial statements. The following is a description of the District's two governmental funds:

**General Fund**

The general fund is the general operating fund of the District. It is used to account for all financial resources except those required to be accounted for in another fund.

**Debt Service Fund**

The debt service fund is used to account for financial resources used for the acquisition or construction of major capital facilities not being financed by proprietary or nonexpendable trust funds.

C. *Measurement Focus and Basis of Accounting*

The government-wide financial statements are reported using the economic resources measurement focus and the accrual basis of accounting. Revenues are recorded when earned and expenses are recorded when a liability is incurred, regardless of the timing of the related cash flows. Grants and similar items are recognized as revenue as soon as all eligibility requirements imposed by the provider have been met.

Governmental fund financial statements are reported using the current financial resources measurement focus and the modified accrual basis of accounting. Revenues are recognized as soon as they are both measurable and available. Revenues are considered to be available when they are collectible within the current period or soon enough thereafter to pay liabilities of the current period. For this purpose, the government considers revenues to be available if they are collected within sixty days of the end of the current fiscal period. Expenditures generally are recorded when a liability is incurred, as under accrual accounting.

D. *Budgets and Budgetary Accounting*

The District is required to adopt an annual operating budget for all the funds which the District controls. These budgeted appropriations lapse at fiscal year end June 30, 2010.

The District follows these procedures in establishing the budgetary data reflected in the financial statements:

(1)   In August of each year, the District submits a proposed operating budget for all funds to the real estate owners of the District.

(2)   Notice of place and time of public hearings must be published prior to the public hearings.

(3)   Public hearings are conducted to obtain taxpayer comment.

(4)   After publication and hearing, the budget is legally adopted by majority vote of the Board. The District is required to file a copy of the adopted budget with the County Clerk and the Nebraska Auditor of Public Accounts on or before September 20.

(5)   The budget is adopted on a per-fund basis and budgetary control is exercised at the fund level.

(6)   The Board of Trustees may authorize supplemental appropriations during the year. There were no supplemental appropriations during fiscal year ending June 30, 2010.

8

NOTES TO THE FINANCIAL STATEMENTS - CONTINUED

1. SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

The budget is adopted using a cash basis of accounting, which differs significantly from generally accepted accounting principles. Under the cash basis of accounting, revenues and expenditures are recorded when cash is received or paid. Payment is deemed to have been made when warrants are issued. Accordingly, adjustments are necessary to convert the revenues and expenditures as reported in the governmental fund statements to the budgetary basis as presented in the accompanying Statements of Revenues, Expenditures, and Changes in Fund Balances - Budget and Actual - General and Construction.

A reconciliation of the differences between the methods at June 30, 2010, is presented below:

|  | General Fund | Bond Fund |
|---|---|---|
| Excess of revenues and other sources over expenditures and other uses of financial resources- budgetary non-GAAP basis | $   1,947 | $   5,307 |
| Adjustments: | | |
| Revenue for receivables | 276 | (897) |
| Expenditures for payables | 175 | – |
| Excess of revenues and other sources over expenditures and other uses of financial resources- GAAP basis | $   2,398 | $   4,410 |

E. *Reconciling Items*

Amounts in the adjustments column reconcile the fund's financial statements to the government-wide financial statements. The significant reconciling items are:

(1) Costs of the capital assets purchased for use in governmental activities are recognized as expenditures in the governmental funds, but in the statement of net assets are capitalized, net of accumulated depreciation.

(2) Special assessments levied but not collected are included in the fund financial statements as deferred revenue, but in the government-wide financial statements they are included as revenue when levied and interest thereon is reported as revenue as accrued.

(3) Long-term debt (bonds and warrants) and related accrued interest is not reported as a liability in the governmental funds, but in the statement of net assets both current and long-term amounts owed are reported.

(4) Bond issue costs are reported as an expenditure in the governmental fund financial statements, but in the statement of net assets, they are capitalized and amortized over the life of the bonds.

(5) The effects of the above changes are included to change the reported governmental fund balances to the GAAP required three types of net assets.

<u>NOTES TO THE FINANCIAL STATEMENTS - CONTINUED</u>

1. **SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED**

### F. *Restricted Assets*

All assets in a debt service (bond or construction) fund are restricted and may be used only for the purpose of the fund and that is to pay off the debt of the governmental unit. Typical assets include cash, investments, and taxes receivable.

### G. *Deposits and Investments*

<u>Deposits</u>

Custodial credit risk is the rest that in the event of a bank failure, a government's deposits may not be returned to it. The District's deposit policy for custodial credit risk requires compliance with the provisions of state law.

State Statutes 15-846 and 15-847 R.R.S., 1943 require banks either to give bond or to pledge government securities (types of which are specifically identified in the statutes) to the District Treasurer in the amount of the District's deposits. The statutes allow pledges securities to be reduced by the amount of the deposits insured by the Federal Deposit Insurance Corporation (FDIC).

At June 30, 2010, the district's cash deposits, in excess of the $250,000 FDIC limits, are covered by collateral held by an agent for the District and thus no custodial credit risk exists.

<u>Investments</u>

For an investment, custodial credit risk is the risk that, in the event of the failure of the counterparty, the District will not be able to recover the value of its investment securities that are in the possession of an outside party. None of the underlying securities for the District's investments at June 30, 2010 are subject to custodial credit risk, as they are held in an account by an agent who is not the counterparty to the security transactions.

At June 30, 2010 Sanitary and Improvement District No. 513 had the following investments, maturities and credit ratings:

| Type | Carrying Value | Maturities Less than 1 | Credit Rating Moody / S&P |
|------|----------------|------------------------|---------------------------|
| Bond Fund: | | | |
| US Treasury Bills | $ 1,259,525 | $ 1,259,525 | N/A |

<u>Summary of Deposit and Investment Balances</u>

Following is a reconciliation of the District's deposits and investment balances as of June 30, 2010:

| | Totals |
|---|--------|
| Deposits | $      33,914 |
| Investment | 1,259,525 |
| Total | $   1,293,439 |

NOTES TO THE FINANCIAL STATEMENTS - CONTINUED

1. SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

|  | Government-wide Statement of Net Assets |
|---|---|
| Cash and Cash Equivalents | $        7,389 |
| Restricted Assets: | |
|   Cash and Cash Equivalents | 26,525 |
|   Investments | 1,259,525 |
|     Total | $    1,293,439 |

H.  *Capital Assets*

Capital assets, which consist primarily of infrastructure, are reported in the government-wide statement of net assets but are not reported in the fund financial statements. All capital assets are capitalized at cost (or estimated historical cost) and updated for additions and retirements during the year. Depreciation is provided over the estimated useful lives of the related assets using the straight-line method. The estimated useful lives for significant capital assets are as follows:

| Water & Gas Distr. Sys. | 50 | years |
|---|---|---|
| Sanitary Sewer | 50 | years |
| Sewer & Paving | 25 | years |

GASB 34 requires that capital assets be reported and depreciated.

A summary of capital assets is as follows:

|  | 6/30/2009 | Additions | 6/30/2010 |
|---|---|---|---|
| Land | $     72,957 | $        - | $     72,957 |
| Water & Gas Distr. Sys. | 1,044,069 | - | 1,044,069 |
| Sanitary Sewer | 217,124 | - | 217,124 |
| Sewer & Paving | 2,239,927 | - | 2,239,927 |
|  | 3,574,077 | - | 3,574,077 |
| Depreciation | (401,756) | (112,344) | (514,100) |
| Capital assets | $ 3,172,321 | $ (112,344) | $ 3,059,977 |

There were no capital asset reductions during the year.

I.  *Credit Risk*

The District's credit risk relates to receivables for property taxes, sewer connection fees and special assessments which are due from property owners within the boundaries of the District and cash on deposit with the Douglas County Treasurer.

NOTES TO THE FINANCIAL STATEMENTS - CONTINUED

1. SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

J. *Bond Issue Costs*

Bond issue costs are amortized over the term of the bonds using the straight line method in the government-wide statements. Bond issue costs are expensed as incurred in the governmental fund statements.

K. *Property Taxes*

Property taxes, which constitute the principal source of tax revenue, are levied in September based on the assessed value of property and attach as an enforceable lien on the property as of December 31. Assessed values are an approximation of market value. Property taxes are delinquent on April 1 (first half) and August 1 (second half). The Douglas County Treasurer bills and collects all property taxes for the District.

The District has levied taxes for 2009-2010 at a rate of $.9000 per $100 of actual value of taxable property. The 2009-2010 taxes based on this levy are as follows:

|  | General Fund | Bond Fund |
|---|---|---|
| Valuation of taxable property | $ 7,091,295 | $ 7,091,295 |
| Tax levy | 0.9000 | - |
| 2009-2010 taxes assessed | $ 63,822 | $ - |

There were no delinquent taxes, therefore no allowance for uncollectible taxes is provided.

L. *Special Assessments*

Revenue on special assessments is recognized when the specials are assessed. Special assessments are considered fully collectible; therefore, no allowance for uncollectible assessments is provided.

M. *Deferred Revenue*

The District reports unearned deferred revenue in the governmental fund balance sheet. Deferred and unearned revenue arises when potential revenue does not meet both the measurable and available criteria for recognition in the current period. In general, monies received within thirty-one days after year-end are considered to have been for prior year services.

N. *Recent Accounting Pronouncements*

The District adopts pronouncements of the Government Accounting Standards Board (GASB) as they become effective. Of the five pronouncements that became effective for the year ended June 30, 2010 only GASB 51 and 53 could have application to the District. For the year ended June 30, 2010, GASB 51 and 53 have no effect on the District's financial statements.

NOTES TO FINANCIAL STATEMENTS - CONTINUED

2. **LIABILITIES**

Liabilities include registered warrants and general obligation bonds. Warrant activity for the year ended June 30, 2010 is as follows:

| | Balance June 30, 2009 | Issued | Retired | Balance June 30, 2010 |
|---|---|---|---|---|
| General Fund Warrants: | | | | |
| 7.0% | $    80,922 | $  41,508 | $  51,055 | $    71,375 |
| Debt Service Fund Warrants: | | | | |
| 7.0% | 4,442,296 | 310,961 | – | 4,753,257 |
| Total Warrants Payable | $ 4,523,218 | $ 352,469 | $  51,055 | $4,824,632 |

Registered warrants outstanding bear interest at 7% per annum. Interest is accrued on warrants from the date of registration with the Douglas County Treasurer. General Fund warrants mature three years from the date of issuance and Bond Fund warrants mature five years from the date of issuance. Warrants will be redeemed with proceeds from tax revenues, special assessments and bond proceeds. Outstanding warrants mature as follows:

| | General Fund | Construction Fund | Total |
|---|---|---|---|
| June 30, 2010 | $         – | $  974,929 | $   974,929 |
| June 30, 2011 | 16,591 | 2,464,281 | 2,480,872 |
| June 30, 2012 | 38,681 | 419,459 | 458,140 |
| June 30, 2013 | 16,103 | 279,473 | 295,576 |
| June 30, 2014 | – | 304,153 | 304,153 |
| June 30, 2015 | – | 310,961 | 310,961 |
| Total | $   71,375 | $4,753,257 | $ 4,824,632 |

3. **RISK MANAGEMENT**

The District is exposed to various risks of loss, including those related to torts; theft of, damage to, and destruction of assets; errors and omissions; injuries to employees; and natural disasters. Significant losses are covered by commercial insurance. There have been no significant reductions in insurance coverage. Settlement amounts have not exceeded insurance coverage for the current year.

4. **GOING CONCERN UNCERTAINTY**

Based on projections of growth in the tax base of the District, it does not appear that future cash flow will be sufficient to fund future debt principal and interest obligations. Interest expense will continue to accrue at a rate that will exceed the growth in taxes levied.

5. **FUND DEFICIT**

Fund deficits are offset by warrants issued which eventually will be redeemed with proceeds from tax revenues, special assessments, and bond issue proceeds.

13

## SUPPLEMENTAL SCHEDULES

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA

SCHEDULE OF REVENUES,
EXPENDITURES, AND CHANGES IN FUND BALANCES
BUDGET AND ACTUAL (BUDGET BASIS) - GENERAL FUND
FOR THE YEAR ENDED JUNE 30, 2010

| | Budgeted Amounts | | Actual on Budgetary Basis | Variance-Favorable (Unfavorable) |
| | Original | Final | | |
|---|---|---|---|---|
| **REVENUES** | | | | |
| Property taxes | $ 63,822 | $ 63,822 | $ 61,281 | $ (2,540) |
| Interest on taxes | 25 | 25 | 63 | 38 |
| State motor vehicle tax allocation | 120 | 120 | 146 | 26 |
| Total revenues | 63,967 | 63,967 | 61,490 | (2,477) |
| | | | | |
| **EXPENDITURES** | | | | |
| Current: | | | | |
| Collection fee - County Treasurer | 1,251 | 1,251 | 1,197 | 54 |
| Electricity | 25,000 | 25,000 | 11,855 | 13,145 |
| Engineering | 3,000 | 3,000 | 5,855 | (2,855) |
| Insurance | 2,500 | 2,500 | 4,131 | (1,631) |
| Interest on warrants | 1,500 | 1,500 | 7,291 | (5,791) |
| Legal and accounting fees | 7,500 | 7,500 | 9,370 | (1,870) |
| Miscellaneous | - | - | 334 | (334) |
| Paying agent fees | 3,000 | 3,000 | 1,977 | 1,023 |
| Repairs and maintenance | 18,000 | 18,000 | 7,986 | 10,014 |
| Total expenditures | 61,751 | 61,751 | 49,996 | 11,755 |
| | | | | |
| Excess of revenues over expenditures | 2,215 | 2,215 | 11,494 | 9,279 |
| | | | | |
| **OTHER FINANCING SOURCES (USES)** | | | | |
| Warrants issued | - | - | 41,508 | 41,508 |
| Warrants redeemed | (6,000) | (6,000) | (51,055) | (45,055) |
| Total other financing sources (uses) | (6,000) | (6,000) | (9,547) | (3,547) |
| | | | | |
| Excess (deficiency) of revenues over expenditures and other financing sources | (3,785) | (3,785) | 1,947 | $ 5,731 |
| | | | | |
| Fund balance - beginning of year | 5,442 | 5,442 | 5,442 | |
| | | | | |
| Fund balance - end of year | $ 1,657 | $ 1,657 | $ 7,389 | |

See accompanying notes to financial statements

14

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA

SCHEDULE OF REVENUES,
EXPENDITURES, AND CHANGES IN FUND BALANCES
BUDGET AND ACTUAL (BUDGET BASIS) - DEBT SERVICE FUND
FOR THE YEAR ENDED JUNE 30, 2010

|  | Budgeted Amounts | | Actual on Budgetary Basis | Variance-Favorable (Unfavorable) |
|  | Original | Final | | |
|---|---|---|---|---|
| REVENUES | | | | |
| Interest on investments | $ 12,000 | $ 12,000 | $ 2,350 | $ (9,650) |
| Sewer Connect Fees | 2,500 | 2,500 | 3,150 | 650 |
| Total revenues | 14,500 | 14,500 | 5,500 | (9,000) |
| | | | | |
| EXPENDITURES | | | | |
| Current: | | | | |
| Interest on warrants | 315,000 | 315,000 | 310,961 | 4,039 |
| Miscellaneous | - | - | 193 | (193) |
| Paying agent fees | 10,000 | 10,000 | - | 10,000 |
| Total expenditures | 325,000 | 325,000 | 311,154 | 13,846 |
| | | | | |
| Excess (deficiency) of revenues over expenditures | (310,500) | (310,500) | (305,654) | 4,846 |
| | | | | |
| OTHER FINANCING SOURCES (USES) | | | | |
| Issuance of warrants | - | - | 310,961 | 310,961 |
| Warrants redeemed | (950,000) | (950,000) | - | 950,000 |
| Total other financing sources (uses) | (950,000) | (950,000) | 310,961 | 1,260,961 |
| | | | | |
| (Deficiency) of revenues over expenditures and other financing uses | (1,260,500) | (1,260,500) | 5,307 | $ 1,265,807 |
| | | | | |
| Fund balance - beginning of year | 1,280,483 | 1,280,483 | 1,280,483 | |
| | | | | |
| Fund balance - end of year | $ 19,983 | $ 19,983 | $ 1,285,790 | |

See accompanying notes to financial statements

SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA

SCHEDULE 3
INFORMATION REQUIRED BY SECTION 31-740
REVISED STATUTES OF NEBRASKA
FOR THE YEAR ENDED JUNE 30, 2010

| | |
|---|---:|
| Gross income from all sources | $    68,635 |
| Amount spent for sewage disposal | NONE |
| Amount expended for water mains | NONE |
| Gross amount of sewage processed | NONE |
| Cost per thousand gallons of processing sewage | NONE |
| Amount expended for: | |
| a.  Maintenance and repair | 6,919 |
| b.  New equipment | NONE |
| c.  New construction | NONE |
| d.  Property purchased | NONE |
| Number of employees | NONE |
| Salaries and fees paid employees | NONE |
| Total amount of taxes levied upon the property within the District | 63,822 |

16

**SANITARY AND IMPROVEMENT DISTRICT
NO. 513 OF DOUGLAS COUNTY, NEBRASKA**

**SCHEDULE 4
BOARD OF TRUSTEES
JUNE 30, 2010**

| Name | Office |
| --- | --- |
| Brett Gottsch - See Note | Chairman |
| William Gottsch - See Note | Clerk |
| Mark Smith | Trustee |
| Tammy Zvacek | Trustee |
| Robert Gottsch | Trustee |

Note - Surety bond for the District clerk was on file with the
Douglas County Clerk as of June 30, 2010 in accordance with the
Revised Statutes of Nebraska.

# LENGEMANN & ASSOCIATES, P.C.

Certified Public Accountants

1410 Gold Coast Road, Suite 600

Papillion, Nebraska  68046

(402) 592-1236

E-Mail: thefirm@lengemanncpa.com

### REPORT ON COMPLIANCE AND ON INTERNAL CONTROL OVER FINANCIAL REPORTING BASED ON AN AUDIT OF FINANCIAL STATEMENTS PERFORMED IN ACCORDANCE WITH GOVERNMENT AUDITING STANDARDS

Board of Trustees
Sanitary And Improvement District No. 513
Of Douglas County, Nebraska

We have audited the financial statements of the governmental activities of the District, as of and for the year ended June 30, 2010, which collectively comprise the District's basic financial statements and have issued our report thereon dated December 6. We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in Government Auditing Standards, issued by the Comptroller General of the United States.

## Compliance and Other Matters

As a part of obtaining reasonable assurance about whether the District's financial statements are free of material misstatement, we performed tests of its compliance with certain provisions of laws, regulations, contracts, and grants, noncompliance with which could have a direct and material effect on the determination of financial statement amounts. However, providing an opinion on compliance with those provisions was not an objective of our audit and, accordingly, we do not express such an opinion. The results of our tests disclosed no instances of noncompliance or other matters that are required to be reported under Government Auditing Standards.

## Internal Control over Financial Reporting

In planning and performing our audit, we considered Sanitary and Improvement District No. 513 of Douglas County, Nebraska's internal control over financial reporting as a basis for designing our auditing procedures for the purpose of expressing our opinion on the financial statements, but not for the purpose of expressing an opinion on the effectiveness of the internal control over financial reporting. Accordingly, we do not express an opinion on the effectiveness of Sanitary and Improvement District No. 513 of Douglas County, Nebraska's internal control over financial reporting.

Our consideration of internal control over financial reporting was for the limited purpose described in the preceding paragraph and would not necessarily identify all deficiencies in internal control over financial reporting that might be significant deficiencies or material weaknesses. However, as discussed below, we identified a deficiency in internal control over financial reporting that we consider to be a significant deficiency.

A deficiency in internal control exists when the design or operation of a control does not allow management or employees, in the normal course of performing their assigned functions, to prevent, or detect and correct misstatements on a timely basis. A material weakness is a deficiency, or combination of deficiencies in internal control, such that there is a reasonable possibility that a material misstatement of the entity's financial statements will not be prevented, or detected and corrected on a timely basis. We did not identify any deficiencies in internal control that we consider to be  material weaknesses.

A significant deficiency is a deficiency, or combination of deficiencies, in internal control that is less severe than a material weakness, yet important enough to merit the attention of those charged with governance.

We consider the following deficiency in the District's internal control to be a significant deficiency.  Due to a limited number of administrative personnel, a lack of segregation of duties exists.  **Response:**  Management is aware of this significant deficiency and believes it is not economically feasible for the District to further segregate the duties to strengthen internal control. Management will continue to monitor the situation and make improvements if economically feasible.  We concur with management's response.

This report is intended solely for the information and use of the Board of Trustees and the Nebraska Auditor of Public Accounts and is not intended to be and should not be used by anyone other than these specified parties.

LENGEMANN & ASSOCIATES, P.C.

*George Bayer*

December 6, 2010

# LENGEMANN & ASSOCIATES, P.C.

Certified Public Accountants
1410 Gold Coast Road, Suite 600
Papillion, Nebraska 68046
Phone: (402) 592-1236
Fax: (402) 592-1424
E-Mail: thefirm@lengemanncpa.com

December 6, 2010

Trustees and management
Douglas County Sanitary and Improvement District No. 513

Dear Trustees:

In planning and performing our audit of the financial statements of Douglas County Sanitary and Improvement District No. 513 as of and for the year ended June 30, 2010 in accordance with auditing standards generally accepted in the United States of America, we considered Douglas County Sanitary and Improvement District No. 513's internal control over financial reporting (internal control) as a basis for designing our auditing procedures for the purpose of expressing our opinion on the financial statements, but not for the purpose of expressing an opinion on the effectiveness of the District's internal control. Our consideration of internal control included procedures to evaluate the design of controls relevant to an audit of financial statements and to determine whether they have been implemented, but it did not include procedures to test the effectiveness of controls, and accordingly, was not directed to discovering significant deficiencies in internal control. Accordingly, we do not express an opinion on the effectiveness of the District's internal control.

Our consideration of internal control was for the limited purpose described in the preceding paragraph and was not designed to identify all deficiencies in internal control that might be significant deficiencies or material weaknesses and, therefore, there can be no assurance that all such deficiencies have been identified. However, as discussed below, we identified certain deficiencies in internal control that we consider to be significant deficiencies.

A deficiency in internal control exists when the design or operation of a control does not allow management or employees, in the normal course of performing their assigned functions, to prevent, or detect and correct misstatements on a timely basis. A material weakness is a deficiency, or combination of deficiencies in internal control, such that there is a reasonable possibility that a material misstatement of the financial statements will not be prevented, or detected and corrected on a timely basis. We did not identify any deficiencies in internal control that we consider to be material weaknesses.

A significant deficiency is a deficiency, or combination of deficiencies, in internal control that is less severe than a material weakness, yet important enough to merit attention by those charged with governance. We consider the following deficiencies in Sanitary and Improvement District No. 513's internal control to be significant deficiencies:

1. Due to a limited number of administrative personnel, a lack of segregation of duties exists. Management is aware of this reportable condition and believes it is economically not feasible to further segregate duties to strengthen internal control.

2. Accounting estimates are an integral part of the financial statements prepared by management. Certain accounting estimates are particularly sensitive because of their significance to the financial statements. The most significant and sensitive estimate affecting the financial statements is depreciation. Failure to include this in interim financial statements makes the interim financial statements misleading.

This communication is intended solely for the information and use of Douglas County Sanitary and Improvement District No. 513 management, and others within the organization and is not intended to be and should not be used by anyone other than these specified parties.

Yours truly,
LENGEMANN & ASSOCIATES, P.C.

George Bayer

# LENGEMANN & ASSOCIATES, P.C.

Certified Public Accountants
1410 Gold Coast Road, Suite 600
Papillion, Nebraska 68046
Phone: (402) 592-1236
Fax: (402) 592-1424
E-Mail: thefirm@lengemanncpa.com

December 6, 2010

To Trustees of Douglas County Sanitary and Improvement District #513

We have audited the financial statements of Douglas County Sanitary and Improvement District #513 for the year ended June 30, 2010, and issued our report thereon dated December 6, 2010. Professional standards require that we provide you with the following information related to our audit.

Management is responsible for the selection and use of appropriate accounting policies. In accordance with the terms of our engagement letter, we will advise management about the appropriateness of accounting policies and their application. The significant accounting policies used by Douglas County Sanitary and Improvement District #513 are described in Note 1 to the financial statements. Five new accounting policies were adopted and the application of existing policies was not changed during 2009-2010. We noted no transactions entered into by the District during the year for which there is a lack of authoritative guidance or consensus. There are no significant transactions that have been recognized in the financial statements in a different period than when the transaction occurred.

Accounting estimates are an integral part of the financial statements prepared by management and are based on management's knowledge and experience about past and current events and assumptions about future events. Certain accounting estimates are particularly sensitive because of their significance to the financial statements and because of the possibility that future events affecting them may differ significantly from those expected. The most sensitive estimates affecting the financial statements were:

> Management's estimate of the amount to be added to accumulated depreciation is based on generally accepted account principles. We evaluated the key factors and assumptions used to develop the addition to accumulated depreciation in determining that it is reasonable in relation to the financial statements taken as a whole.

Certain financial statement disclosures are particularly sensitive because of their significance to financial statement users. The most sensitive disclosure affecting the financial statements was:

> The disclosure of the Districts lack of sufficient cash flow to meet its' obligations in Note 4 to the financial statements.

The possible effect on the financial statements is indeterminable at this time. This "Going Concern" uncertainty has caused us to qualify our opinion.

We encountered no significant difficulties in dealing with Management in performing and completing our audit.

Professional standards require us to accumulate all known and likely misstatements identified during the audit, other than those that are trivial, and communicate them to the appropriate level of management. Management has corrected all such misstatements. In addition, none of the misstatements detected as a result of audit procedures and corrected by management were material, either individually or in the aggregate, to the financial statements taken as a whole.

For purposes of this letter, professional standards define a disagreement with management as a financial accounting, reporting, or auditing matter, whether or not resolved to our satisfaction, that could be significant to the financial statements or the auditor's report. We are pleased to report that no such disagreements arose during the course of our audit.

We have requested certain representations from management that are included in the management representation letter dated December 6, 2010.

In some cases, management may decide to consult with other accountants about auditing and accounting matters, similar to obtaining a "second opinion" on certain situations. If a consultation involves application of an accounting principle to the Douglas County Sanitary and Improvement District #513's financial statements or a determination of the type of auditor's opinion that may be expressed on those statements, our professional standards require the consulting accountant to check with us to determine that the consultant has all the relevant facts. To our knowledge, there were no such consultations with other accountants.

We generally discuss a variety of matters, including the application of accounting principles and auditing standards, with management each year prior to retention as the District's auditors. During 2009-2010 there were no matters that we discussed with management.

This information is intended solely for the use of the management of Douglas County Sanitary and Improvement District #513 and is not intended to be and should not be used by anyone other than these specified parties.

Yours truly,
LENGEMANN & ASSOCIATES, P.C.

George Bayer